# EXHIBIT A

**From:** admin=aws.firstlegal.com@firstconnect.firstlegal.com on behalf of admin@aws.firstlegal.com
**Sent:** Tuesday, December 28, 2021 12:12 PM
**To:** Tom, Daniel K.; mmiller@firstlegal.com
**Subject:** First Legal Order Submitted - 7860560 - Cristian Barrera vs. Amazon.com Services LLC - 30-2021-01231643-CU-OE-CX

**[WARNING: External Email]**

First Connect eFile Order Confirmation                                    View in First Connect





# Your eFiling Has Been Submitted!

This confirms your order to eFile the below document(s) has been submitted to the court.

Once your eFile order has been reviewed you will receive a status update with details stating if your documents were Accepted, Partially Accepted or Rejected by the Clerk, followed by your conformed or received copy(s) or else rejection notice.

**First Legal Control #:**   **7860560**

1

| | |
|---|---|
| Court | OCSC-COMPLEX LITIGATION |
| Case Number | 30-2021-01231643-CU-OE-CX |
| Case Name | Cristian Barrera vs. Amazon.com Services LLC |
| Client Matter | 03981-00596 D TOM |
| Portal Reference Number | 5334262 |
| Court Transaction / Envelope Number(s) | CMSSYNC_31101631 |
| Submitted On | 2021-12-28 11:59 |

**Document(s):**

DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF FILING OF REMOVAL OF CLASS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Additional Instructions**

N/A

Should you have any questions, please contact Client Care and Success at 877.350.8698, email clientcare@firstlegal.com or you can log in and manage your cases and orders in First Connect.

Thank you for using First Legal.



**First Legal**
**800.889.0111**



© Copyright 2021, First Legal. All rights reserved. Terms of Use and Privacy Policy. Private Investigator Licenses: CA PI: 24171 AZ PI: 1551710 NV PI-PS: 1452

1  BRADLEY J. HAMBURGER, SBN 266916
      bhamburger@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
4  Facsimile:  213.229.7520

5

6  *Attorney for Amazon.com Services LLC*

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ORANGE

10

11 CRISTIAN BARRERA, on behalf of himself     CASE NO. 30-2021-01231643-CU-OE-CXC
   and others similarly situated,
12                                            **DEFENDANT AMAZON.COM SERVICES**
                  Plaintiff,                  **LLC'S NOTICE OF FILING OF REMOVAL**
13                                            **OF CLASS ACTION TO THE UNITED**
          v.                                  **STATES DISTRICT COURT FOR THE**
14                                            **CENTRAL DISTRICT OF CALIFORNIA**
   AMAZON.COM SERVICES LLC, a
15 Delaware limited liability company, and DOES   ASSIGNED FOR ALL PURPOSES TO:
   1 through 100, Inclusive,                  HON. RANDALL J. SHERMAN
16                                            DEPARTMENT CX-105
                  Defendants.
17                                            Action Filed:    September 29, 2020
                                             Trial Date:      None Set
18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF TERRANCE CLAYBORN AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Amazon.com Services LLC has removed the above-entitled action from the Superior Court in and for the County of Orange to the United States District Court for the Central District of California. The Notice of Removal of Class Action by Amazon was filed in the United States District Court on December 28, 2021.

A copy of the Notice of Removal and supporting documents filed in the Central District of California are attached hereto as **Exhibit 1**, have been served on Plaintiff, and are fully incorporated herein by reference, thus effecting removal pursuant to 28 U.S.C. § 1446(d). Accordingly, this Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court. *See* 28 U.S.C. § 1446(d).

DATED: December 28, 2021

BRADLEY J. HAMBURGER
GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Bradley J. Hamburger*
Bradley J. Hamburger

*Attorney for Amazon.com Services LLC*

Gibson, Dunn &
Crutcher LLP

2
DEFENDANT'S NOTICE OF FILING OF REMOVAL OF CLASS ACTION

1

**PROOF OF SERVICE**

2

I, Daniel K. Tom, declare as follows:

3

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years and am not a party to this action; my business address 555 Mission Street, San Francisco, CA 94105-0921, in said County and State.  On December 28, 2021, I served the following document(s):

4

5

6

**DEFENDANTS AMAZON.COM SERVICES LLC'S NOTICE OF FILING OF REMOVAL OF CLASS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

7

on the parties stated below, by the following means of service:

8

9

*Attorneys for Plaintiff Cristian Barrera*

10

| | |
|---|---|
| Michael Nourmand, Esq. | Tel.  310.553.3600 |
| James A. De Sario, Esq. | Fax.  310.553.3603 |
| THE NOURMAND LAW FIRM, APC | |
| 8822 West Olympic Boulevard | Email: mnourmand@nourmandlawfirm.com |
| Beverly Hills, California 90211 | Email: jdesario@nourmandlawfirm.com |

11

12

13

☐   **BY UNITED STATES MAIL**: I caused a true and correct copy to be placed in sealed envelopes addressed as indicated above.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Leandro, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16

17

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19

Executed on December 28, 2021.

20

21

_____
Daniel K. Tom

22

23

24

25

26

27

28

# EXHIBIT 1

BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ANDREW G.I. KILBERG (*pro hac vice* application forthcoming)
  akilberg@gibsondunn.com
VICTORIA C. GRANDA (*pro hac vice* application forthcoming)
  vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Amazon.com Services LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN BARRERA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company, and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 2:21-cv-09956<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Orange County Superior Court Case No. 30-2021-01231643-CU-OE-CXC)<br><br>Action Filed: November 12, 2021<br>Trial Date: None Set |

# TABLE OF CONTENTS

Page

I.    TIMELINESS OF REMOVAL ................................................................ 1

II.   SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL........... 2

     A.     The Proposed Class Consists Of More Than 100 Members ..................... 3

     B.     Amazon and Plaintiff Are Not Citizens Of The Same State ..................... 4

     C.     The Amount In Controversy Exceeds $5 Million ..................................... 5

III.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER ........... 10

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

CASES

*Arias v. Residence Inn by Marriott,*
    936 F.3d 920 (9th Cir. 2019) .................................................................. 6, 7

*Ayala v. Cox Auto Ins. Co. v. Dyer,*
    2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ........................................... 5

*Campbell v. Vitran Express, Inc.,*
    471 F. App'x 646 (9th Cir. 2012) ............................................................ 6

*Crummie v. CertifiedSafety, Inc.,*
    2017 WL 4544747 (N.D. Cal. Oct. 11, 2017) ......................................... 8, 9

*Dart Cherokee Basin Operating Co. v. Owens,*
    574 U.S. 81 (2014) .............................................................................. 5, 6, 7

*Johnson v. Columbia Props. Anchorage. LP,*
    437 F.3d 894 (9th Cir. 2006) ................................................................... 5

*Kantor v. Wellesley Galleries, Ltd.,*
    704 F.2d 1088 (9th Cir. 1983) ................................................................. 5

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter,*
    199 F. Supp. 2d 993 (C.D. Cal. 2002) ..................................................... 6

*Korn v. Polo Ralph Lauren Corp.,*
    536 F. Supp. 2d 1199 (E.D. Cal. 2008) .................................................... 6

*LaCross v. Knight Transp. Inc.,*
    775 F.3d 1200 (9th Cir. 2015) ................................................................. 6

*Lewis v. Verizon Commc'ns, Inc.,*
    627 F.3d 395 (9th Cir. 2010) ................................................................... 6

*Mamika v. Barca,*
    68 Cal. App. 4th 487 (1998) .................................................................... 8

*Marentes v. Key Energy Servs. Cal., Inc.,*
    2015 WL 756516 (E.D. Cal. Feb. 23, 2015) ............................................ 8

Gibson, Dunn &
Crutcher LLP

ii

*Pineda v. Bank of Am., N.A.*,
    50 Cal. 4th 1389 (2010) .......................................................................... 7

*Rippee v. Boston Mkt. Corp.*,
    408 F. Supp. 2d 982 (S.D. Cal. 2005) .................................................... 6

*Salter v. Quality Carriers, Inc.*,
    974 F.3d 959 (9th Cir. 2020) ............................................................. 6, 7

*Standard Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013) ................................................................................ 6

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) .................................................................. 5

*Tajonar v. Echosphere, L.L.C.*,
    2015 WL 4064642 (S.D. Cal. July 2, 2015) ........................................... 8

**STATUTES**

28 U.S.C. § 84(c) .......................................................................................... 10

28 U.S.C. § 1332 .................................................................... 1, 2, 3, 4, 5, 10

28 U.S.C. § 1441 ................................................................................. 2, 3, 10

28 U.S.C. § 1446 ............................................................................... 1, 10, 11

28 U.S.C. § 1453 ................................................................................. 1, 2, 10

28 U.S.C. § 1711 ............................................................................................ 1

Cal. Civ. Proc. Code § 338(a) ...................................................................... 7

Cal. Civ. Proc. Code § 382 ........................................................................... 2

Cal. Lab. Code § 201 .................................................................................... 7

Cal. Lab. Code § 202 .................................................................................... 7

Cal. Lab. Code § 203 .................................................................................... 7

Gibson, Dunn &
Crutcher LLP

**TABLE OF AUTHORITIES** (*continued*)

Page(s)

**REGULATIONS**

Cal. Code Regs., tit. 8, § 13520 ........................................................................ 8

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF CRISTIAN BARRERA AND HIS COUNSEL OF RECORD.

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Amazon.com Services LLC ("Amazon") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 30-2021-01231643-CU-OE-CXC in Orange County Superior Court, State of California. Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Cristian Barrera ("Plaintiff") filed a putative Class Action Complaint against Amazon.com Services LLC ("Amazon" or "Defendant") in Orange County Superior Court, State of California, Case No. 30-2021-01231643-CU-OE-CXC, on November 12, 2021. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Proof of Service of Summons, (e) Minute Order for Chambers Work on December 21, 2021, (f) Clerk's Certificate of Service of the December 21, 2021 Minute Order, (g) Notice of Appearance of Bradley J. Hamburger, (h) Amazon's Notice of Payment of Complex Case Fees, and (i) Register of Actions are attached as Exhibits A–I to the Declaration of Bradley J. Hamburger ("Hamburger Decl.") filed concurrently here.

2. According to the proof of service filed by Plaintiff with the Orange County Superior Court, Plaintiff personally served Amazon through its registered agent for service of process on November 29, 2021. *See* Hamburger Decl. ¶ 5, Ex. D. Consequently, service was completed on November 29, 2021. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b).

Gibson, Dunn &
Crutcher LLP

1

## II.  SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.  Removal is pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Amazon pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4.  CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure § 382, California's state statute or rule authorizing an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Hamburger Decl. Ex. B, Compl. ¶ 1.

5.  Plaintiff asserts that "[t]his action has been brought and may properly be maintained as a class action" and asks this Court to "certify[] that Plaintiff may pursue his claims against Defendant as a class action."  Hamburger Decl. Ex. B, Compl. ¶ 16; *id.*, Compl., Prayer for Relief.  He "seeks to represent three Classes" of individuals, which Plaintiff refers to as the "Non-Exempt Employee Class,"[1] the "Late Pay Class,"[2] and the "Wage Statement Class."[3]  *Id.*, Compl. ¶ 14.

6.  In his Complaint, Plaintiff alleges five causes of action against Amazon: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to pay

---

[1]  "All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class."  Hamburger Decl., Ex. B, Compl. ¶ 14.

[2]  "All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment."  *Id.*

[3]  "All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided ot the class, were provided with wage statements."  *Id.*

Gibson, Dunn &
Crutcher LLP

all wages upon separation; (4) failure to provide accurate wage statements; and (5) violation of California's Unfair Competition Law ("UCL").

7.  Among other things, Plaintiff alleges that putative class members are entitled to damages for unpaid wages, statutory penalties for late payment of wages and inaccurate wage statements, interest, and attorneys' fees and costs. *See* Hamburger Decl. Ex. B, Compl., Prayer for Relief.

8.  Removal of class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9.  Amazon denies liability in this case, both as to Plaintiff's claims and as to the claims he seeks to pursue on behalf of the putative class. Amazon also intends to oppose class certification and believes that class treatment is inappropriate under these circumstances in part because there are differences between the experiences of Plaintiff and the putative class members he seeks to represent. Amazon expressly reserves all rights to oppose class certification and to contest the merits of all claims asserted in the Complaint. But for purposes of the jurisdiction requirements for removal only, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

**A.    The Proposed Class Consists Of More Than 100 Members**

10.  Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11.  Plaintiff's proposed class action consists of three Classes, as described above. *See supra* ¶ 5 & nn.1–3. Based on Plaintiff's definition contained in the Complaint, the putative Late Pay Class contains, at a minimum, 2,500 full-time, non-exempt employees who worked for Amazon in California and resigned or were

terminated between May 1, 2020 and November 30, 2020. Declaration of Prather ("Prather Decl.") ¶ 3.

12. Plaintiff purports to represent one class of persons employed since November 12, 2017, one class of persons employed since November 12, 2018, and one class of persons employed since November 12, 2020. All of Plaintiff's claims arise from "requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift and not compensating them for this work time." Hamburger Decl. Ex. B, Compl. ¶ 10. As such, the Late Pay Class definition is facially overbroad because COVID-19 was not known to be widespread in the United States until the spring of 2020. Nevertheless, using an assumption that COVID-19 temperature screening was occurring between May 1, 2020 and November 30, 2020, Amazon estimates that the Late Pay Class contains at the very least 2,500 full-time, non-exempt employees who worked for Amazon in California and resigned or were terminated between May 1, 2020 and November 30, 2020. Prather Decl. ¶ 3. And this figure underestimates the size of the class in a few ways. First, it is temporally limited to a portion of the putative class period. Second, it represents only individuals employed by Amazon full-time in the State of California who resigned or were terminated. Third, Amazon has provided a conservative low-range estimate of the number of full-time employees in California who resigned or were terminated during the given time period.[4]

13. Accordingly, while Amazon denies that class treatment is appropriate, the proposed class consists of well over 100 members.

**B.  Amazon and Plaintiff Are Not Citizens Of The Same State**

14. Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

---

[4]  The other two putative classes also consist of well over 100 members.

15.     A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto Ins. Co. v. Dyer*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he "is a resident of the State of California." Hamburger Decl., Ex. B, Compl. ¶ 6. Plaintiff is therefore considered a citizen of California for purposes of removal. *See Ayala*, 2016 WL 6561284, at *4.

16.     A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage. LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant is a limited liability company organized under the laws of Delaware and has its principal place of business in Seattle, Washington. Declaration of Brown ¶ 2. Amazon.com, Inc. is the sole member of Defendant, and Defendant is wholly owned by Amazon.com, Inc., which is a Delaware corporation with its principal place of business in Washington. *Id.* As such, Defendant is a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

17.     Accordingly, Plaintiff and Defendant are citizens of different states and CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

**C.     The Amount In Controversy Exceeds $5 Million**

18.     CAFA requires that the amount in controversy in a class action exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

19.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a

defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (quotation marks and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, Plaintiffs seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595-96 (2013).

20. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

21. Amazon denies that Plaintiff's claims have any merit, but for purposes of meeting the jurisdictional requirement for removal *only*, Amazon alleges that if Plaintiff

were to prevail on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

22. Amazon reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87-89; *see also Salter*, 974 F.3d at 959 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" require the removing defendant to "support his jurisdictional allegations with competent proof") (quotation marks and citations omitted)). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924. But for present purposes, it is sufficient to note that Plaintiff's claim for waiting time penalties under Labor Code section 203 (Plaintiff's Third Cause of Action) *alone* puts more than $5 million in controversy.

23. Plaintiff alleges that he and other members of the Late Pay Class, who ended their employment with Amazon during the three-year period prior to filing this Complaint—November 12, 2018 to November 12, 2021—"are entitled to penalty wages" pursuant to Labor Code Section 203. Hamburger Decl., Ex. B., Compl. ¶ 41.[5]

24. If an employer willfully fails to pay all wages due to an employee at the time of termination, as required by Labor Code section 201, or within 72 hours after resignation, as required by Labor Code section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," but not to exceed 30 calendar days. Cal. Lab. Code § 203. An employer's

---

[5] The statute of limitations for an action under Labor Code section 203 is three years. Cal. Civ. Proc. Code § 338(a); Cal. Lab. Code § 203(b); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1397 (2010). As noted below, Amazon will estimate the amount in controversy based on a time period shorter than three years.

1    failure to pay wages within the statutory time frame must be *willful*, meaning "an

2    employer *intentionally* fails to pay wages to an employee when those wages are due";

3    an employer may not be liable for these penalties if "a good faith dispute" exists as to

4    whether the wages are owed.  Cal. Code Regs., tit. 8, § 13520 (emphasis added).

5           25.    To calculate the penalties for failure to pay all wages upon termination, the

6    employee's daily rate of pay is multiplied by a maximum of 30 days, depending on the

7    length of delay in receipt of wages.  *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493

8    (1998) (holding the waiting time penalty is "equivalent to the employee's daily wages

9    for each day he or she remained unpaid up to a total of 30 days" and noting that the

10   "critical computation" is "the calculation of a daily wage rate, which can then be

11   multiplied by the number of days of nonpayment, up to 30 days."); *Tajonar v.*

12   *Echosphere, L.L.C.*, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015).  When final

13   "wages [due] are alleged to have not been paid, the full thirty days may be used for each

14   of the putative class members."  *Marentes v. Key Energy Servs. Cal., Inc.*, 2015 WL

15   756516, at *9 (E.D. Cal. Feb. 23, 2015); *see also Crummie v. CertifiedSafety, Inc.*, 2017

16   WL 4544747, at *3 (N.D. Cal. Oct. 11, 2017) (where plaintiff alleges "putative class

17   members were owed (and are still owed)" wages, it is "completely reasonable to assume

18   waiting time penalties accrued to the thirty-day limit").

19          26.    Amazon denies that any such penalties are owed to Plaintiff or any member

20   of the Late Pay Class, but for purposes of this jurisdictional analysis *only*, Amazon relies

21   on Plaintiff's allegations that the penalties are owed.  Plaintiff alleges that he "and other

22   members of the Late Pay Class are entitled to penalty wages from the date their earned

23   and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days"

24   and have suffered damages "to the extent they were not paid for all wages earned prior

25   to termination" and "all penalty wages owed under Labor Code § 203."  Hamburger

26   Decl., Ex. B, Compl. ¶¶ 41–43.  Plaintiff's claim is therefore derivative of his other

27   unpaid wage and overtime claims.  Accordingly, based on these allegations, it is

28

1  reasonable to assume that each putative class member is entitled to the thirty days' wages

2  as a penalty. *See Crummie*, 2017 WL 4544747, at *3.

3        27.   As noted above, at the very least 2,500 full-time, non-exempt employees in

4  California resigned or were terminated between May 1, 2020 and November 30, 2020.

5  Prather Decl. ¶ 3.[6]  The minimum starting hourly rate of pay as of May 1, 2020 was

6  $15.00. *Id.*

7        28.   If, as Plaintiff alleges, individuals who left the employment of Amazon

8  during the three years preceding the filing of the complaint are owed waiting time

9  penalties, the amount in controversy with respect to the penalty wages claim for just the

10  2,500 full-time employees who Amazon conservatively estimates were terminated or

11  resigned from May 1, 2020 through November 30, 2020 would be at least **$6,750,000**,

12  calculated as follows:

| $15 minimum hourly rate x 6 hours per day:[7] | $90 daily rate |
|---|---|
| $90 x 30 days maximum penalty: | $2,700 per employee |
| Amount in controversy for waiting time penalties, based on Plaintiff's allegations and conservative estimates ($2,700 x 2,500 employees): | **$6,750,000** |

19        29.   Plaintiff's Third Cause of Action for waiting time penalties alone thus

20  places more than $6 million in controversy.  This amount in controversy calculation is

---

[6]  This is only a fraction of the putative class Plaintiff seeks to represent, as this figure does not include part-time or seasonal employees and is a low-range estimate of the number of full-time employees who resigned or were terminated during the given time period.  Further, the time frame has been shortened to a reasonable assumption of when COVID-19 temperature screening was occurring pursuant to Plaintiff's allegations.

[7]  This is a conservative estimate given that full-time employees ordinarily would work more than 6 hours per day and that the hourly rate used is the *minimum* starting hourly rate, which is necessarily less than the average rate of pay for the putative class during the time period examined.  *See* Prather Decl. ¶ 3.

conservative and under-estimates the total amount placed in controversy by Plaintiff's complaint because it is based on conservative assumptions about Plaintiff's class allegations and does not account for any recovery sought for failure to pay lawful wages including overtime wages and/or minimum wages (First and Second Causes of Action), failure to provide accurate wage statements (Fourth Cause of Action), or violation of the UCL (Fifth Cause of Action).

30.     Accordingly, the $5 million jurisdictional amount-in-controversy requirement is exceeded, and removal to this Court is proper under CAFA.

### III.     THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

31.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    a)     This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

    b)     The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

    c)     The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

    d)     At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

32.     The United States District Court for the Central District of California is the federal judicial district in which the Orange County Superior Court sits.  This action was originally filed in the Orange County Superior Court, rendering venue in this federal judicial district proper.  28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

33.     True and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Proof of Service of Summons, (e) Minute Order for Chambers Work on December 21, 2021, (f) Clerk's Certificate of Service of the

Gibson, Dunn &
Crutcher LLP

10

December 21, 2021 Minute Order, (g) Notice of Appearance of Bradley J. Hamburger, (h) Amazon's Notice of Payment of Complex Case Fees, and (i) Register of Actions are attached as Exhibits A–I to the Declaration of Bradley J. Hamburger, filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

34.     Upon filing the Notice of Removal, Amazon will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Orange County Superior Court, pursuant to 28 U.S.C. § 1446(d).


Dated:  December 28, 2021

>                        BRADLEY J. HAMBURGER
>                        GIBSON, DUNN & CRUTCHER LLP
>
>
>                        By:  /s/ *Bradley J. Hamburger*
>                                Bradley J. Hamburger
>
>                        *Attorney for Defendant*
>                        *Amazon.com Services LLC*

BRADLEY J. HAMBURGER, SBN 266916
   bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ANDREW G.I. KILBERG (*pro hac vice* application forthcoming)
   akilberg@gibsondunn.com
VICTORIA C. GRANDA (*pro hac vice* application forthcoming)
   vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Amazon.com Services LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN BARRERA, on behalf of himself and others similarly situated, | CASE NO. 2:21-cv-09956 |
| Plaintiff, | **DECLARATION OF ZANE BROWN IN SUPPORT OF DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CLASS ACTION** |
| v. | |
| AMAZON.COM SERVICES LLC, a Delaware limited liability company, and DOES 1 through 100, Inclusive, | (Orange County Superior Court Case No. 30-2021-01231643-CU-OE-CXC) |
| Defendants. | Action Filed: November 12, 2021 Trial Date: None Set |

I, Zane Brown, declare as follows:

1.     I am a Vice President and Associate General Counsel of Amazon Corporate, LLC.  I am competent to testify, and make this declaration based on my personal knowledge of the facts set forth in this Declaration or know them in my capacity as an employee based on corporate records that Amazon.com Services LLC ("Amazon") maintains in the regular course of its business.  I make this declaration in support of Amazon's Notice of Removal of Class Action.

2.     According to business records available to me, Amazon is a limited liability company organized under the laws of Delaware.  Its principal place of business is located in Seattle, Washington.  Amazon.com, Inc. is the sole member of Amazon and Amazon is wholly owned by Amazon.com, Inc., which is a Delaware corporation with its principal place of business in Seattle, Washington.  The Washington headquarters are staffed by the corporate officers and executives of Amazon.com, Inc., who are responsible for overseeing Amazon's activities.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed at Seattle, Washington, on this ___December___ day of ___December___, 2021.



Zane Brown

DocuSign Envelope ID: 084A5F96-6910-4669-8F3B-A953C5611D7B

BRADLEY J. HAMBURGER, SBN 266916
   bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

ANDREW G.I. KILBERG (*pro hac vice* application forthcoming)
   akilberg@gibsondunn.com
VICTORIA C. GRANDA (*pro hac vice* application forthcoming)
   vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500
Facsimile:   202.467.0539

*Attorneys for Amazon.com Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN BARRERA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company, and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 2:21-cv-09956<br><br>**DECLARATION OF DENICIA "JP" PRAT   ER IN SUPPORT OF DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Orange County Superior Court Case No. 30-2021-01231643-CU-OE-CXC)<br><br>Action Filed:  November 12, 2021<br>Trial Date:     None Set |

Gibson, Dunn &
Crutcher LLP

I, Denicia "JP" Prather, declare as follows:

1.     I am over the age of 18, and am competent to attest to the facts set forth herein.  Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.     I am currently employed by Amazon.com Services LLC ("Amazon") as a Senior Human Resources Manager.  In this role, I am responsible for, among other things, providing general human resources support to Amazon associates at all job levels.  I have been employed by Amazon since February 2016.  In my position as Senior Human Resources Manager, I have access to the business records and data discussed in this Declaration.

3.     Using information maintained by Amazon, I determined the following:

a.     At least 2,500 permanent, full-time, non-exempt individuals employed by Amazon in California either were discharged or resigned between May 1, 2020, and November 30, 2020.

b.     The minimum starting hourly rate of pay for an Amazon employee in California as of May 1, 2020 was  15.00.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct.


Executed at ___Riverside___, California, on this __27_ day of December, 2021.

DocuSigned by:

*Denicia Prather*

62A7949EECD24A3...
_____
Denicia "JP" Prather

BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

ANDREW G.I. KILBERG (*pro hac vice* application forthcoming)
  akilberg@gibsondunn.com
VICTORIA C. GRANDA (*pro hac vice* application forthcoming)
  vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500
Facsimile:   202.467.0539

*Attorneys for Amazon.com Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN BARRERA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company, and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 2:21-cv-09956<br><br>**DECLARATION OF BRADLEY J. HAMBURGER IN SUPPORT OF DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Orange County Superior Court Case No. 30-2021-01231643-CU-OE-CXC)<br><br>Action Filed:    November 12, 2021<br>Trial Date:      None Set |

I, Bradley J. Hamburger, hereby declare and state:

1.    I am an attorney duly licensed to practice law before all the courts of the State of California as well as the United States District Court for the Central District of California.  I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Defendant Amazon.com Services LLC ("Amazon") in the above-entitled action.  Unless otherwise stated, I have personal knowledge of the matters stated herein, and if asked to testify thereto, I would do so competently.

2.    Attached hereto as **Exhibit A** is a true and correct copy of the Summons in *Barrera v. Amazon.com Services, LLC.*, Case No. 30-2021-01231643-CU-OE-CXC, filed on November 12, 2021.

3.    Attached hereto as **Exhibit B** is a true and correct copy of the Class Action Complaint in *Barrera v. Amazon.com Services, LLC.*, Case No. 30-2021-01231643-CU-OE-CXC, filed on November 12, 2021.

4.    Attached hereto as **Exhibit C** is a true and correct copy of the Civil Case Cover Sheet in *Barrera v. Amazon.com Services, LLC.*, Case No. 30-2021-01231643-CU-OE-CXC, filed on November 12, 2021.

5.    Attached hereto as **Exhibit D** is a true and correct copy of the Notice of Service of Process Transmittal, reflecting that Plaintiff effected service of the Summons and Class Action Complaint on November 29, 2021.

6.    Attached hereto as **Exhibit E** is a true and correct copy of the Minute Order for Chambers Work on December 21, 2021 in *Barrera v. Amazon.com Services, LLC.*, Case No. 30-2021-01231643-CU-OE-CXC, filed on December 21, 2021.

7.    Attached hereto as **Exhibit F** is a true and correct copy of the Clerk's Certificate of Service of the Minute Order for Chambers Work on December 21, 2021 in *Barrera v. Amazon.com Services, LLC.*, Case No. 30-2021-01231643-CU-OE-CXC, filed on December 21, 2021.

Gibson, Dunn &
Crutcher LLP

8. Attached hereto as **Exhibit G** is a true and correct copy of the Notice of Appearance of Bradley J. Hamburger in *Barrera v. Amazon.com Services, LLC.*, Case No. 30-2021-01231643-CU-OE-CXC, filed on December 22, 2021.

9. Attached hereto as **Exhibit H** is a true and correct copy of Amazon's Notice of Payment of Complex Case Fees in *Barrera v. Amazon.com Services, LLC.*, Case No. 30-2021-01231643-CU-OE-CXC, filed on December 22, 2021.

10. Attached hereto as **Exhibit I** is a true and correct copy of the Register of Actions in *Barrera v. Amazon.com Services, LLC.*, Case No. 30-2021-01231643-CU-OE-CXC, as of December 27, 2021.

11. In accordance with 28 U.S.C. § 1446(a), Exhibits A–I constitute "all process, pleadings, and orders served upon" Amazon in this action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that I executed this Declaration on December 27, 2021 at Los Angeles, California.

*/s/ Bradley J. Hamburger*

Bradley J. Hamburger

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:** AMAZON.COM SERVICES LLC, a
*(AVISO AL DEMANDADO):* Delaware limited liability company; and
DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** CRISTIAN BARRERA, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself and all
others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>751 West Santa Ana Boulevard<br>Santa Ana, California  92701 | **CASE NUMBER:**<br>*(Número)* 30-2021-01231643-CU-OE-CXC<br><br>Judge Randall J. Sherman |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Michael Nourmand, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard, Beverly Hills, California 90211                                        (310) 553-3600

DATE: 11/12/2021          DAVID H. YAMASAKI, Clerk of the Court        Clerk, by  *Ramirez*  Georgina Ramirez  , Deputy
*(Fecha)*                                                              *(Secre                                      (Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder®

# EXHIBIT B

Case 2:21-cv-09966 Document 1-5 Filed 12/28/21 Page 34 of 78 Page ID #:276
Electronically Filed by Superior Court of California, County of Orange, 11/12/2021 11:53:04 AM.
30-2021-01231643-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

1 | Michael Nourmand, Esq. (SBN 198439)
James A. De Sario, Esq. (SBN 262552)
2 | **THE NOURMAND LAW FIRM, APC**
8822 West Olympic Boulevard
3 | Beverly Hills, California 90211
Telephone (310) 553-3600
4 | Facsimile (310) 553-3603

Assigned for all Purposes

Judge Randall J. Sherman

5 | Attorneys for Plaintiff,
CRISTIAN BARRERA, on behalf
6 | of himself and all others similarly situated

CX-105

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR ORANGE COUNTY OF ORANGE

10

11 | CRISTIAN BARRERA, on behalf of himself )
and all others similarly situated

12 |     Plaintiffs,

13

14 |     v.

15

AMAZON.COM SERVICES LLC, a
16 | Delaware limited liability company; and
DOES 1 through 100, Inclusive

17

    Defendants.

18

19

20

21

22

23

24

25

26 | ///

27 | ///

28 | ///

CASE NO.: 30-2021-01231643-CU-OE-CXC

CLASS ACTION COMPLAINT FOR
DAMAGES AND RESTITUTION

1.   FAILURE TO PAY OVERTIME
     WAGES;

2.   FAILURE TO MINIMUM WAGE;

3.   FAILURE TO PAY ALL WAGES
     UPON TERMINATION;

4.   FAILURE TO PROVIDE
     ACCURATE WAGE
     STATEMENTS; and

5.   UNFAIR COMPETITION

DEMAND FOR JURY TRIAL

1

CLASS ACTION COMPLAINT

COMES NOW plaintiff CRISTIAN BARRERA (hereinafter "Mr. Barrera" and/or "Plaintiff") on behalf of himself and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1.    This is a Class Action, pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by AMAZON.COM SERVICES LLC ("Amazon") and any subsidiaries or affiliated companies (hereinafter referred to as "Defendants"), within the State of California.

2.    For at least four (4) years prior to the filing of this action and through to the present, Defendants on multiple occasions have had a pattern and practice of failing to pay wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift.

3.    Plaintiff, on behalf of himself and all other similarly situated employees, brings this action pursuant to, including but not limited to, California Labor Code §§ 200, 201, 202, 203, 226, 510, 1194, 1194.2, 1197 and California Code of Regulations, Title 8, §11070, seeking unpaid overtime and minimum wages, penalties, and reasonable attorney's fees and costs.

4.    Plaintiff, on behalf of himself and all other similarly situated employees, pursuant to California Business & Professions Code §§17200-17208 also seeks all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

## PARTIES

**A.    Plaintiff**

5.    Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure §395. Defendants operate and do business in California, and each defendant is within the jurisdiction of this court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California. Defendants employ numerous Class Members in the State of California.

///

CLASS ACTION COMPLAINT

6.     Plaintiff, Mr. Barrera, is a resident of the State of California. At all relevant times herein, he has been employed by Defendants as a non-exempt employee in California.

**B.     Defendants**

7.     Defendant, Amazon, a Delaware limited liability company, is an American multinational technology company which focuses on e-commerce, cloud computing, digital streaming, and artificial intelligence and has facilities within the State of California. Amazon employed Plaintiff and similarly situated persons within the State of California.

8.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

9.     Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respect pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

**FACTUAL BACKGROUND**

10.     Defendants on multiple occasions have had a pattern and practice of not compensating Plaintiff and other similarly situated employees wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift and not compensating them for this work time. That is, Plaintiff and other non-exempt employees were required to wait in line and undergo temperature checks for COVID-19 prior to the start of their shift. Plaintiff and other non-exempt employees could not use this time for their own purposes. As such, Amazon exercised sufficient control over Plaintiff and other non-exempt employees during these required temperature checks and owes them wages for this time.

3

11.     Plaintiff and other similarly situated non-exempt employees or former non-exempt employees at all times pertinent hereto were not exempt from the overtime provisions of California law, and the implementing rules and regulations of the IWC California Wage Orders.

12.     Defendants on multiple occasions have failed to comply with Labor Code §226(a) by not providing itemized wage statements accurately showing, including but not limited to, total hours worked and all earned wages at applicable rates.

13.     At the time Plaintiff's employment and the employment of other former non-exempt employees of Defendants ended, Defendants willfully failed to pay wages for all time worked.

### CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action on behalf of himself, and all others similarly situated, as a class action pursuant to California Code of Civil Procedure §382. Plaintiff seeks to represent three Classes composed of and defined as follows:

#### Non-Exempt Employee Class

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Non-Exempt Employee Class").

#### Late Pay Class

All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment (collectively referred to as "Late Pay Class").

#### Wage Statement Class

All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

15.     Plaintiff reserves the right under California Rules of Court Rule 3.765(b), to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

4

16. This action has been brought and may properly be maintained as a class action under the provisions of California <u>Code of Civil Procedure</u> §382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.** **<u>Numerosity</u>**

17. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that there are over 500 Class Members employed by Defendants within the State of California.

18. Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.** **<u>Commonality</u>**

19. There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

(1) Did Defendants violate <u>Labor Code</u> §1194 by not compensating Class Members overtime wages?

(2) Did Defendants violate <u>Labor Code</u> § 512 by not providing Class Members with meal periods?

(3) Did Defendants violate <u>Labor Code</u> §§ 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

(4) Are Defendants liable to Class Members for penalty wages under <u>Labor Code</u> § 203?

(5) Did Defendants violate <u>Labor Code</u> § 226(a) by not furnishing Class Members with accurate wage statements?

(6) Did Defendants violate the Unfair Competition Law, <u>Business and Professions Code</u> §17200, *et seq.*, by its unlawful practices as alleged herein?

5

(7) Are Class Members entitled to restitution of penalty wages under <u>Business and Professions Code</u> § 17203?

(8) Are Class Members entitled to attorney's fees?

(9) Are Class Members entitled to interest?

**C.** <u>**Typicality**</u>

20. The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions. Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.** <u>**Adequacy of Representation**</u>

21. Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.** <u>**Superiority of Class Action**</u>

22. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal pattern and practice of failing to pay wages for all time worked, failing to provide accurate itemized wage statements, and failing to pay all wages due upon termination and/or resignation, as described herein.

23. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and the Class Against All Defendants)**

24. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25. At all times relevant to this complaint, California Labor Code §510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Overtime pay is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration. Under California law, the determination of regular rate of pay for purposes of determining overtime pay must include the employee's commissions, bonuses, or other non-hourly compensation.

26. At all times herein mentioned, Plaintiff and Non-Exempt Employee Class regularly worked for Defendants during shifts that consisted of more than eight hours in a work day and/or more than forty hours in a work week and on multiple occasions these employees have not been paid overtime wages as a result of requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift.

27. Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in excess of eight hours per day and/or forty hours per week and without properly compensating overtime wages, as described herein, Defendants willfully violated the provisions of Labor Code §1194.

28. As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt Employee Class have been deprived of overtime wages in an amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, pursuant to Labor Code §§1194 and 1199; Code of Civil Procedure §1021.5; and Civil Code §3287.

///

7

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES UPON TERMINATION

### (By Plaintiff and the Class Against All Defendants)

29. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30. At all relevant times, Plaintiff and the members of the Non-Exempt Employee Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

31. Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the members of the Non-Exempt Employee Class were entitled to receive minimum wages for all hours worked.

32. At all times herein mentioned, to the extent that Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that were less than eight hours in a work day and/or less than forty hours in a work week, on multiple occasions these employees have not been paid minimum wage, as a result of not being compensated for all hours worked, as described herein.

33. Defendants failure to pay Plaintiff and members of the Non-Exempt Employee Class minimum wages for all hours worked, as described herein, is in violation of Labor Code §1197 and applicable Wage Orders. As a result of Defendants' pattern and practice, Plaintiff and members of the Non-Exempt Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

34. Pursuant to Labor Code §§ 1194 and 1194.2 Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorneys' fees, and costs of suit.

///

///

///

///

8

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES UPON TERMINATION**

**(By Plaintiff and the Class Against All Defendants)**

35.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36.     At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code §§ 201 and 202.

37.     Pursuant to Labor Code §§ 201 or 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employers were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

38.     Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with Labor Code §§ 201 or 202.  Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that within the applicable limitations period, Defendants had a pattern and practice of not paying upon termination, the wages owed to them as a consequence of failing to pay non-exempt employees for all hours worked, as described herein.

39.     Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code §§ 201 and 202 was wilful.  Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination in accordance with Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 201 and 202.

40.     Pursuant to Labor Code §§ 201 and 202 Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

///

9

41. Pursuant to Labor Code § 203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days.

42. As a result of Defendants' unlawful conduct Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination.

43. As a result of Defendants' unlawful conduct Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code § 203.

44. Pursuant to Labor Code §§ 218 and 218.5, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code § 203, reasonable attorney's fees, and costs of suit. Pursuant to Labor Code § 218.6 or Civil Code § 3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (By Plaintiff and the Class Against All Defendants)

45. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

46. At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code § 226.

47. Pursuant to Labor Code § 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

///

///

CLASS ACTION COMPLAINT

48.     Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with <u>Labor Code</u> § 226(a).

49.     Plaintiff and the other members of the Wage Statement Class are informed and believe and thereon allege that at all relevant times, Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, all hours worked and all earned wages and pay due for all hours worked at applicable rates of pay. Defendants' practices resulted and continue to result in, the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization requirements.

50.     Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate Wage Statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the other members of the Wage Statement Class with accurate Wage Statements, but intentionally provided wage statements that Defendants knew were not accurate.

51.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

52.     Pursuant to <u>Labor Code</u> § 226(e) Plaintiff and other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of <u>Labor Code</u> § 226 occurred and $100 for each violation of <u>Labor Code</u> § 226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

53.     Pursuant to <u>Labor Code</u> § 226(e) and § 226(g), Plaintiff and the other members of the Wage Statement Class were entitled to recover the full amount of penalties due under <u>Labor Code</u> § 226(e) reasonable attorney's fees and costs of suit.

///

# FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (By Plaintiff and Class Members Against All Defendants)

54.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business & Professions Code § 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the Labor Code.

56.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and similarly situated Class Members have suffered injury in fact and lost money or property. Plaintiff and similarly situated Class Members have been deprived from not being compensated wages for all hours worked, as described herein.

57.     Pursuant to Business & Professions Code § 17203 Plaintiff and similarly situated Class Members are entitled to restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest which Defendants failed to pay them but withheld and retained for themselves. Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

58.     Plaintiff and similarly situated Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

///
///
///
///
///

CLASS ACTION COMPLAINT

1       **PRAYER**

2           WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for

3    judgment against Defendants as follows:

4           A.      An order certifying that Plaintiff may pursue his claims against Defendants as a

5    class action on behalf of the Class Members;

6           B.      An order appointing Plaintiff as Class representative and appointing Plaintiff's

7    counsel as class counsel;

8           C.      Penalties for inaccurate wage statements under Labor Code §226(e);

9           D.      Damages for unpaid wages under Labor Code §§201 or 202;

10          E.      Damages for unpaid penalty wages under Labor Code §203;

11          F.      Liquidated damages for unpaid minimum wage;

12          G.      Damages for unpaid overtime wages under Labor Code §1194;

13          H.      Restitution under Business and Professions Code §17203;

14          I.      Pre-judgment interest;

15          J.      Costs;

16          K.      Reasonable attorney's fees; and

17          L.      Such other and further relief as the Court deems just and proper.

18

19   DATED: November 11, 2021                    THE NOURMAND LAW FIRM, APC

20

21                                      By:     _____
                                                Michael Nourmand, Esq.
22                                              James A. De Sario, Esq.
                                                Attorneys for Plaintiff
23

24

25

26

27

28

# EXHIBIT C

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael Nourmand, Esq.    SBN: 198439<br>THE NOURMAND LAW FIRM, APC<br>8822 West Olympic Boulevard, Beverly Hills, California 90211<br>    TELEPHONE NO.: (310) 553-3600    FAX NO. *(Optional)*: (310) 553-3603<br>    E-MAIL ADDRESS:<br>    ATTORNEY FOR *(Name)*: Plaintiff, Cristian Barrera | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
    STREET ADDRESS: 751 West Santa Ana Boulevard
    MAILING ADDRESS: 751 West Santa Ana Boulevard
    CITY AND ZIP CODE: Santa Ana, 92701
    BRANCH NAME: Civil Complex Center

CASE NAME: Cristian Barrera, et al. v. Amazon.com Services LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2021-01231643-CU-OE-CXC |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Randall J. Sherman<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

CX-105

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify)*: Five
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 11, 2021
Michael Nourmand, Esq.
_____
(TYPE OR PRINT NAME)                                 ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# EXHIBIT D



null / ALL
**Transmittal Number: 24130215**
**Date Processed: 11/30/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Kimberly Thomas<br>Gianmarco Vairo<br>Theresa Nixon<br>Vivian Ching<br>Michelle King<br>Luana Kooker<br>Jesse Jensen<br>Arianna Smogard<br>Sara Rawson<br>Lizette Fernandez<br>Lynn Foley-Jefferson<br>Maria Catana<br>Stephanie Habben<br>Karen Curtis<br>Rochelle Lewis<br>Joell Parks |

| | |
|---|---|
| **Entity:** | Amazon.com Services LLC<br>Entity ID Number  2102616 |
| **Entity Served:** | Amazon.com Services LLC |
| **Title of Action:** | Cristian Barrera vs. Amazon.com Services LLC |
| **Matter Name/ID:** | Cristian Barrera vs. Amazon.com Services LLC (11775975) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Orange County Superior Court, CA |
| **Case/Reference No:** | 30-2021-01231643-CU-OE-CXC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/29/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Nourmand Law Firm, APC<br>310-553-3600 |
| **Client Requested Information:** | Amazon Case Type: Class Action |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

# EXHIBIT E

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 12/21/2021          TIME: 11:29:00 AM          DEPT: CX105

JUDICIAL OFFICER PRESIDING: Randall J. Sherman
CLERK: Jason Phu
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2021-01231643-CU-OE-CXC**  CASE INIT.DATE: 11/12/2021
CASE TITLE: **Barrera vs. Amazon.com Services LLC**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 73667446
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $ 1,000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Initial Case Management Conference is scheduled for 04/15/2022 at 09:00 AM in Department CX105.**

Plaintiff shall, at least five court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a Case Management Statement that covers the applicable subjects set forth in CRC Rule 3.727. The parties are encouraged to meet and confer and file a Joint Case Management Statement. Counsel should begin the Case Management Statement with a brief, objective summary of the case, its procedural status, the contentions of the parties, and any special considerations of which the Court should be aware. Do NOT use Judicial Council Form CM-110, the Case Management Statement form used for non-complex cases.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

---

# EXHIBIT F

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Barrera vs. Amazon.com Services LLC

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER: 30-2021-01231643-CU-OE-CXC |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 12/21/21, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on December 21, 2021, at 2:49:57 PM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

THE NOURMAND LAW FIRM, APC
MNOURMAND@NOURMANDLAWFIRM.COM

Clerk of the Court, by: _____, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 12/21/2021          TIME: 11:29:00 AM          DEPT: CX105

JUDICIAL OFFICER PRESIDING: Randall J. Sherman
CLERK: Jason Phu
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2021-01231643-CU-OE-CXC**  CASE INIT.DATE: 11/12/2021
CASE TITLE: **Barrera vs. Amazon.com Services LLC**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 73667446
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $ 1,000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Initial Case Management Conference is scheduled for 04/15/2022 at 09:00 AM in Department CX105.**

Plaintiff shall, at least five court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a Case Management Statement that covers the applicable subjects set forth in CRC Rule 3.727. The parties are encouraged to meet and confer and file a Joint Case Management Statement. Counsel should begin the Case Management Statement with a brief, objective summary of the case, its procedural status, the contentions of the parties, and any special considerations of which the Court should be aware. Do NOT use Judicial Council Form CM-110, the Case Management Statement form used for non-complex cases.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

---

# EXHIBIT G

BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

*Attorney for Amazon.com Services LLC*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CRISTIAN BARRERA, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company, and DOES 1 through 100, Inclusive,<br><br>        Defendants. | CASE NO. 30-2021-01231643-CU-OE-CXC<br><br>**NOTICE OF APPEARANCE OF BRADLEY J. HAMBURGER**<br><br>Complaint Filed:    November 12, 2021 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** the undersigned attorney, Bradley J. Hamburger of Gibson, Dunn & Crutcher LLP, hereby appears as counsel of record for Defendants AMAZON.COM SERVICES LLC. Copies of all pleadings and papers filed in this action should also be served on Mr. Hamburger as follows:

> BRADLEY J. HAMBURGER, SBN 266916
>   bhamburger@gibsondunn.com
> GIBSON, DUNN & CRUTCHER LLP
> 333 South Grand Avenue
> Los Angeles, CA 90071-3197
> Telephone:    213.229.7000
> Facsimile:    213.229.7520
> bhamburger@gibsondunn.com

Dated: December 22, 2021   GIBSON, DUNN & CRUTCHER LLP


      By:   /s/ Bradley J. Hamburger
        Bradley J. Hamburger


      *Attorney for Defendant Amazon.com Services LLC*

**PROOF OF SERVICE**

I, Daniel Tom, declare as follows:

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, San Francisco, CA 94105-0921, in said County and State.  On December 22, 2021, I served the foregoing document(s):

**NOTICE OF APPEARANCE OF BRADLEY J. HAMBURGER**

on counsel stated below, by the following means of service:

| *Attorneys for Plaintiff Cristian Barrera* | |
|---|---|
| Michael Nourmand<br>James Desario<br>THE NOURMAND LAW FIRM, APC<br>8822 W Olympic Blvd<br>Beverly Hills, CA 90211 | Email: mnourmand@nourmandlawfirm.com<br>Email: jdesario@nourmandlawfirm.com<br><br>Telephone: (310) 553-3600<br>Facsimile: (310) 553-3603 |

☑ **BY MAIL:**  On December 22, 2021, I caused a true and correct copy to be placed in sealed envelopes addressed as indicated above.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 22, 2021.

_____
Daniel Tom

NOTICE OF APPEARANCE
CASE NO. 30-2021-01231643-CU-OE-CXC

# EXHIBIT H

BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorney for Amazon.com Services LLC*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CRISTIAN BARRERA, on behalf of himself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company, and DOES 1 through 100, Inclusive,<br><br>　　　　Defendants. | CASE NO. 30-2021-01231643-CU-OE-CXC<br><br>**NOTICE OF PAYMENT OF COMPLEX CASE FEES**<br><br>Complaint Filed:　　November 12, 2021 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE THAT**, pursuant to Cal. Gov't Code, § 70616, the complex case fee of one thousand dollars ($1,000.00) was deposited with the Court on December 22, 2021 on behalf Defendant Amazon.com Services LLC.

Dated: December 22, 2021          GIBSON, DUNN & CRUTCHER LLP

                                      By:     /s/ Bradley J. Hamburger
                                            Bradley J. Hamburger

                                     *Attorney for Defendant Amazon.com Services LLC*

1

**PROOF OF SERVICE**

2

     I, Daniel Tom, declare as follows:

3

     I am employed in the County of San Francisco, State of California, I am over the age of
eighteen years and am not a party to this action; my business address is 555 Mission Street, San

4

Francisco, CA 94105-0921, in said County and State.  On December 22, 2021, I served the foregoing
document(s):

5

6

**NOTICE OF PAYMENT OF COMPLEX CASE FEES**

7

on counsel stated below, by the following means of service:

8

| *Attorneys for Plaintiff Cristian Barrera* |
|---|

9

| Michael Nourmand | Email: mnourmand@nourmandlawfirm.com |
|---|---|
| James Desario | Email: jdesario@nourmandlawfirm.com |
| THE NOURMAND LAW FIRM, APC | |
| 8822 W Olympic Blvd | Telephone: (310) 553-3600 |
| Beverly Hills, CA 90211 | Facsimile: (310) 553-3603 |

10

11

12

☑   **BY MAIL:**  On December 22, 2021, I caused a true and correct copy to be placed in sealed

13

    envelopes addressed as indicated above.  I am "readily familiar" with the firm's practice of
collection and processing correspondence for mailing.  It is deposited with the U.S. Postal

14

Service on that same day with postage thereon fully prepaid at San Francisco, California in
the ordinary course of business.  I am aware that on motion of party served, service is

15

presumed invalid if postal cancellation date or postage meter date is more than one day after
date of deposit for mailing in affidavit.

16

     I declare under penalty of perjury under the laws of the State of California that the

17

foregoing is true and correct.

18

     Executed on December 22, 2021.

19

20

_____
                      Daniel Tom

21

22

23

24

25

26

27

28

NOTICE OF PAYMENT OF COMPLEX CASE FEES
CASE NO. 30-2021-01231643-CU-OE-CXC

# EXHIBIT I

Case Summary:

| | |
|---|---|
| Case Id: | 30-2021-01231643-CU-OE-CXC |
| Case Title: | CRISTIAN BARRERA VS. AMAZON.COM SERVICES LLC |
| Case Type: | OTHER EMPLOYMENT |
| Filing Date: | 11/12/2021 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 31085780 RECEIVED ON 11/12/2021 11:53:04 AM. | 11/16/2021 | | NV | |
| 2 | COMPLAINT FILED BY BARRERA, CRISTIAN ON 11/12/2021 | 11/12/2021 | | 13 pages | |
| 3 | CIVIL CASE COVER SHEET FILED BY BARRERA, CRISTIAN ON 11/12/2021 | 11/12/2021 | | 2 pages | |
| 4 | SUMMONS ISSUED AND FILED FILED BY BARRERA, CRISTIAN ON 11/12/2021 | 11/12/2021 | | 1 pages | |
| 5 | PAYMENT RECEIVED BY DDSLEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 12971480 AND RECEIPT NUMBER 12799397. | 11/16/2021 | | 1 pages | |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER SHERMAN, RANDALL ON 11/12/2021. | 11/12/2021 | | NV | |
| 7 | E-FILING TRANSACTION 41273950 RECEIVED ON 12/10/2021 11:06:22 AM. | 12/10/2021 | | NV | |
| 8 | PROOF OF SERVICE OF SUMMONS FILED BY BARRERA, CRISTIAN ON 12/10/2021 | 12/10/2021 | | 2 pages | |
| 9 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 04/15/2022 AT 09:00:00 AM IN CX105 AT CIVIL COMPLEX CENTER. | 12/21/2021 | | NV | |
| 10 | THE CASE MANAGEMENT CONFERENCE IS SCHEDULED FOR 04/15/2022 AT 09:00 AM IN DEPARTMENT CX105. | 12/21/2021 | | NV | |
| 11 | MINUTES FINALIZED FOR CHAMBERS WORK 12/21/2021 11:29:00 AM. | 12/21/2021 | | 1 pages | |
| 12 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 12/21/2021 | | 2 pages | |
| 13 | E-FILING TRANSACTION 41278334 RECEIVED ON 12/22/2021 12:43:40 PM. | 12/23/2021 | | NV | |
| 14 | ASSOCIATION OF ATTORNEY (APPEARANCE) FILED BY AMAZON.COM SERVICES LLC ON 12/22/2021 | 12/22/2021 | | 3 pages | |
| 15 | NOTICE - OTHER FILED BY AMAZON.COM SERVICES LLC ON 12/22/2021. | 12/22/2021 | | 3 pages | |
| 16 | PAYMENT RECEIVED BY LEGALCONNECT FOR 195 - ANSWER OR OTHER 1ST PAPER, 35 - COMPLEX CASE FEE - RESPONSE IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 12987253 AND RECEIPT NUMBER 12815174. | 12/23/2021 | | 1 pages | |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| THE NOURMAND LAW FIRM, APC | ATTORNEY | | 11/16/2021 | |
| GIBSON, DUNN & CRUTCHER LLP | ATTORNEY | | 12/22/2021 | |
| AMAZON.COM SERVICES LLC | DEFENDANT | | 11/16/2021 | |
| CRISTIAN BARRERA | PLAINTIFF | | 11/16/2021 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 04/15/2022 | 09:00 | CX105 | SHERMAN |

Print this page

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

CRISTIAN BARRERA

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

AMAZON.COM SERVICES LLC
and DOES 1-50

**(b) County of Residence of First Listed Plaintiff**   Orange County, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   King County, WA
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are
representing yourself, provide the same information.

Michael Nourmand; James A. De Sario
THE NOURMAND LAW FIRM, APC   310.553.3600
8822 West Olympic Boulevard, Beverly Hills, CA 90211

Attorneys (*Firm Name, Address and Telephone Number*) If you are
representing yourself, provide the same information.

Please see attachment.

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ 5 million +

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

CAFA; 28 U.S.C. 1332, 1441, 1453; amount placed in controversy exceeds $5 million.

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes ☐ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no, " skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | SOUTHERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**:  Has this action been previously filed **in this court**?              ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**:  Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO          ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐    A.  Arise from the same or a closely related transaction, happening, or event;

☐    B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐    C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐    A.  Arise from the same or a closely related transaction, happening, or event;

☐    B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐    C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  /s/ Bradley J. Hamburger          DATE:  December 28, 2021

---

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

<u>ADDENDUM</u>

BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

ANDREW G.I. KILBERG (*pro hac vice* application forthcoming)
  akilberg@gibsondunn.com
VICTORIA C. GRANDA (*pro hac vice* application forthcoming)
  vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500
Facsimile:   202.467.0539

*Attorneys for Defendant Amazon.com Services LLC*

BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ANDREW G.I. KILBERG (*pro hac vice* application forthcoming)
  akilberg@gibsondunn.com
VICTORIA C. GRANDA (*pro hac vice* application forthcoming)
  vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Amazon.com Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN BARRERA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company, and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 2:21-cv-09956<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S CORPORATE DISCLOSURE STATEMENT**<br><br>Fed. R. Civ. P. 7.1 |

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel of record for Defendant Amazon.com Services LLC ("Amazon") certifies the following:

Amazon.com Services LLC is wholly owned by Amazon.com, Inc.

Amazon.com, Inc. is a publicly held corporation. Amazon.com, Inc. has no parent corporation and no publicly held corporation owns ten percent (10%) or more of Amazon.com, Inc.'s stock.

Dated: December 28, 2021                    GIBSON, DUNN & CRUTCHER LLP


                                            */s/ Bradley J. Hamburger*
                                            Bradley J. Hamburger

                                            *Attorney for Amazon.com Services LLC*

Gibson, Dunn & Crutcher LLP

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER
Please see attachment.

ATTORNEY(S) FOR: Defendant Amazon.com Services LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN BARRERA, on behalf of himself and others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company, and DOES 1 through 100, Inclusive,<br><br>Defendant(s) | CASE NUMBER:<br><br>2:21-cv-09956<br><br>---<br><br>**CERTIFICATION AND NOTICE OF INTERESTED PARTIES**<br>**(Local Rule 7.1-1)** |

TO:      THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for      Defendant Amazon.com Services LLC
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| Cristian Barrera | Plaintiff |
| Amazon.com Services LLC | Defendant |
| Amazon.com, Inc. | Amazon.com Services LLC is 100% owned by Amazon.com, Inc. |

December 28, 2021
Date

Bradley J. Hamburger
Signature

Attorney of record for (or name of party appearing in pro per):

Defendant Amazon.com Services LLC

<u>ADDENDUM</u>

BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ANDREW G.I. KILBERG (*pro hac vice* application forthcoming)
  akilberg@gibsondunn.com
VICTORIA C. GRANDA (*pro hac vice* application forthcoming)
  vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Amazon.com Services LLC*

BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

ANDREW G.I. KILBERG (*pro hac vice* application forthcoming)
  akilberg@gibsondunn.com
VICTORIA C. GRANDA (*pro hac vice* application forthcoming)
  vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500
Facsimile:   202.467.0539

*Attorneys for Defendant Amazon.com Services, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN BARRERA, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMAZON.COM SERVICES, LLC, a Delaware limited liability company; and DOES 1-50,<br><br>                    Defendants. | CASE NO. 2:21-cv-09956<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF RELATED CASE**<br><br>**L.R. 83-1.3** |

Pursuant to Local Rule 83-1.3, Defendant Amazon.com Services LLC ("Amazon") hereby notifies the Court that the above-captioned action ("*Barrera*") is related, and, indeed, is virtually identical, to *Boone v. Amazon.com Servs., LLC*, Case No. 1:21-cv-00241-DAD-BAM, which was filed on February 23, 2021, in the Eastern District of California and is currently pending before that court. An amended complaint was filed on May 14, 2021. *Id.*, Dkt. 23.

The foregoing case meets the criteria for related cases applicable to non-intellectual property cases under Local Rule 83-1.3:

      (a)    The cases arise from the same or a closely related transaction, happening, or event;

      (b)    The cases call for determinations of the same or substantially related or similar questions of law and fact; and

      (c)    The cases would entail substantial duplication of labor if heard by different judges.

The *Barrera* and *Boone* plaintiffs seek recovery from Amazon for time spent waiting for and undergoing COVID-19 screenings, implemented by Amazon in response to the COVID-19 pandemic and in accordance with state health mandates. Every single claim alleged in this action is also alleged in *Boone*: failure to pay minimum and overtime wages, Cal. Lab. Code §§ 510, 1994; failure to pay all wages due at separation, Cal. Lab. Code §§ 201-203; failure to provide accurate and complete wage statements, Cal. Lab. Code § 226; and violation of the California Uniform Competition Law , Cal. Bus. & Prof. Code §§ 17200, *et seq*. Further, the putative class periods in *Barrera* are narrower than the putative class period in *Boone*. *See Boone*, Case No. 1:21-cv-00241-DAD-BAM, Dkt. 23, ¶¶ 12, 54. Accordingly, adjudicating claims alleged in this action would require the Court to spend considerable time and effort understanding and addressing factual and legal questions that are entirely duplicative of the issues presented in *Boone*.

1    Therefore, the above-captioned action is related to the case listed herein under the

2    criteria set forth in Local Rule 83-1.3.

3

4    Dated:  December 28, 2021

5                                              BRADLEY J. HAMBURGER
                                               GIBSON, DUNN & CRUTCHER LLP
6

7
                                               By: /s/ Bradley J. Hamburger
8                                                        Bradley J. Hamburger

9
                                               *Attorney for Defendant*
10                                             *Amazon.com Services, LLC*

AO 458 (Rev. 06/09) Appearance of Counsel

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Cristian Barrera | ) |
| *Plaintiff* | ) |
| v. | ) |
| Amazon.com Services, LLC | ) |
| *Defendant* | ) |

Case No.    2:21-cv-09956

**APPEARANCE OF COUNSEL**

To:    The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Amazon.com Services, LLC                                                                                    .

Date:    12/28/2021

/s/ Bradley Hamburger DRAFT
*Attorney's signature*

Bradley Hamburger, SBN 266916
*Printed name and bar number*

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071

*Address*

bhamburger@gibsondunn.com
*E-mail address*

(213) 229-7000
*Telephone number*

(213) 229-7520
*FAX number*